## SUPREME COURT.

JOHN ROMAIN, as continuing partner, &c., appellant, agt. DAVID J. GARTH, executor, &c., respondent.

*Mode of proceeding to discharge the entry upon the docket of the release of a judgment.*

Where the release of a judgment has been duly entered on the docket of a judgment, it cannot be attacked collaterally by motion in another action; the entry can only be avoided by a direct proceeding or action for that purpose.

The plaintiff should not be precluded by the laches of his attorney from setting up in his complaint that the release was for any reason null and void, or that it was fraudulently made.

*New York General Term, First Department, October,* 1874.

APPEAL from an order of the special term denying a motion made by plaintiff for a cancellation of an entry that the judgment upon which the plaintiff sues had been released, such entry being made by the clerk of the county of New York, on the docket of the judgment.

Also an appeal by the plaintiff from an order denying leave to amend the complaint in this action, by inserting allegations as to the invalidity of said release, and claiming that the defendant be enjoined from giving said release in evidence on the trial of this action, and that said release be given up to be canceled.

*George W. Lord*, for appellant.

*Sackett & Lang*, for respondent.

LAWRENCE, J. — I am of opinion that the first motion was properly denied. It would be anomalous for the court on a mere motion, in this action, to adjudge that an entry — on its face duly made by the clerk of the county on the docket of a judgment in another action, that said judgment had been released — was void for the reason that the release was invalid, or that the entry had been fraudulently made.

The release cannot be attacked, nor the entry avoided, save in a direct proceeding or suit for that purpose.

Second. I am, however, of the opinion that the second motion should have been granted; although it appears that the attorney for the appellant knew of the existence of the release at the time this action was commenced. I do not think that the plaintiff should be precluded, by the laches of his attorney, from setting up in his complaint that the release was for any reason null and void, or that it was fraudulently made, and I do not think that so much time had elapsed, before the motion was made, as to justify the court in holding that the plaintiff should be barred from showing the invalidity of the release, if it is, in fact, invalid.

The court has the power to allow the amendment which is asked for, and on proper terms it should be granted (*Gray* agt. *Brown*, 15 *How.*, p. 556; *Code, sec.* 173).

Upon payment of all the costs in the action, and disbursements up to the present time, and costs of motion, the plaintiff may have leave to amend his complaint as moved for. On these conditions the second order appealed from should be reversed without costs.

The first order appealed from is affirmed with costs.

DANIELS, J., and DAVIS, P. J., concurred.